FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 7 2014

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02984-WYD-MEH

LYNN PEAK PRODUCTIONS, INC.,

    Plaintiff,

v.

DOES 1-30,

    Defendants.

## MOTION TO FILE THE SUPPLEMENT UNDER LEVEL 2 RESTRICTION PURSUANT TO D.C. Colo. LCivR 7.2

    Defendant, John Doe No. 11 ("Defendant" or "Defendant #11"), appearing *pro se* and identified at internet protocol ("IP") address 67.190.9.165 on August 22, 2013 at 10:22:59 a.m., respectfully submits the following Motion to File the Supplement Under Level 2 Restriction Pursuant to D.C. Colo. LCivR 7.2 and offers the following in support of such Motion.

    Defendant offers the following in adherence to D.C. Colo. LCivR 7.2(c):

    (1) The document for which Level 2 restriction is sought is the Supplement to the Motion to Proceed Anonymously Pursuant to Fed. R. Civ. P. 11(a).

    (2) The interest to be protected is Defendant's confidential information, including his name, address, telephone number, and email address. Defendant is presently identified as a party in this lawsuit only by his IP address. Defendant in good faith believes the protected interest of his confidential information outweighs the presumption of public access because if his name,

address, telephone number, and email address are made accessible to anyone apart from the Court or himself, it would threaten and put at great risk the preservation of his identity.

(3) The clearly defined and serious injury that would result if access to Defendant's confidential information is permitted is the loss of his anonymity in this lawsuit. Plaintiff would know who Defendant is and have access to other confidential information, including where Defendant lives, his telephone number, and his email, mailing, and residential addresses. Defendant has a family to protect and access to his confidential information would leave Defendant and his family unprotected and vulnerable to contact and further intrusion into their lives by Plaintiff who can presently only identify Defendant by his IP address.

(4) Only restriction of Defendant's name, telephone number, and email, residential, and mailing addresses will adequately protect Defendant because the only identification Plaintiff has with regard to Defendant at present is his IP address.

(5) The level of restriction sought is Level 2, which would limit access to Defendant's confidential information to Defendant and the Court.

WHEREFORE, based on the foregoing, Defendant respectfully requests the Court grant this Motion to File the Supplement Under Level 2 Restriction Pursuant to D.C. Colo. LCivR 7.2.

Respectfully submitted this 6th day of March 2014.

BY: _____
JOHN DOE No. 11 (IP Address 67.190.9.165)

CERTIFICATE OF SERVICE

I hereby certify that on March 6th, 2014, this document was filed with the Court and a true and accurate copy of the Motion to File the Supplement Under Level 2 Restriction Pursuant to D.C. Colo. LCivR 7.2 was sent via U.S. Mail, postage prepaid, to the following:

Scott T. Kannady
Brown & Kannady, LLC
2000 S. Colorado Blvd., Suite 2-610
Denver, CO 80222

Respectfully submitted this ___6th___ day of March 2014.

BY: _____Jon Doe #11_____
JOHN DOE No. 11 (IP Address 67.190.9.165)

### CERTIFICATE OF SERVICE

I hereby certify that on March 6th, 2014, this document was filed with the Court and a true and accurate copy of the Memorandum of Points and Authorities in Support of Defendant John Doe No. 11's Motion to Quash the Subpoena was sent via U.S. Mail, postage prepaid, to the following:

Scott T. Kannady
Brown & Kannady, LLC
2000 S. Colorado Blvd., Suite 2-610
Denver, CO 80222

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 DEC -9 PM 3: 08

[illegible] WELL
CLERK
BY_____ DEP. CLK

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02984-WYD-MEH

LYNN PEAK PRODUCTIONS, INC.,

    Plaintiff,

v.

DOES 1-30,

    Defendants.

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHN DOE No. 11'S MOTION TO QUASH THE SUBPOENA

Defendant, John Doe No. 11 ("Defendant" or "Defendant No. 11"), appearing *pro se* and identified at internet protocol ("IP") address 67.190.9.165 on August 22, 2013 at 10:22:59 a.m., respectfully submits this Memorandum of Points and Authorities in Support of Defendant's Motion to Quash the Subpoena requesting that the Court quash the subpoena served upon Defendant's Internet Service Provider ("ISP"), Comcast, on November 19, 2013.

### PROCEDURAL HISTORY

On October 31, 2013, Plaintiff Lynn Peak Productions, Inc., a Canadian corporation ("Plaintiff") filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conferences. On November 5, 2013, this Court issued an Order permitting Plaintiff, Lynn Peak Productions, Inc. ("Plaintiff"), to serve a subpoena pursuant to Fed. R. Civ. P. 45 on the internet service provider of the thirty (30) putative Defendants with the purpose of ascertaining their

identities ("Order"). The information sought by Plaintiff includes the name, address, telephone number, email address, and Media Access Control ("MAC") Address of each of the respective Defendants. On November 12, 2013, Defendant's ISP, Comcast Cable Communications Management, LLC ("Comcast"), was served with a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises* Court and served on Comcast's Registered Agent in Denver ("Subpoena"). The Subpoena commanded Comcast to produce to Plaintiff at the office of Plaintiff's counsel in Denver, Colorado the name, address, telephone number, email address, and MAC Address of each of the respective Defendants listed on an attached spreadsheet. Plaintiff alleges that Defendants infringed on its copyrighted work, purportedly a film with a registered copyright in Plaintiff's name.

On November 19, 2013, Comcast provided written notice of the Subpoena to Defendant via UPS and USPS delivery ("Notice"). The Notice states that Defendant has been identified in Comcast's records via his IP address "in this lawsuit for allegedly infringing [Plaintiff's] copyrights on the Internet by uploading or downloading content without permission." It further states that Comcast will provide the information directed in the Order to Plaintiff unless Defendant, through counsel or *pro se*, files a protective motion to quash or vacate the Subpoena no later than Wednesday, December 11, 2013, twenty-two (22) days after the date of the Notice.

As of the date of this filing, Defendant has not been served or otherwise provided with a copy of the complaint or the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference.

## INTRODUCTION

The federal courts do not look favorably upon the numerous cases such as the one *sub judice* in which tenuous allegations of copyright infringement are asserted against numerous putative defendants as part of a predatory scheme to encourage settlement of groundless claims. The Chief Justice of the U.S. District Court for the District of Nevada described such tactics as an "attempt to create a cottage industry of filing copyright claims, making large claims for damages and then settling claims for pennies on the dollar." *Righthaven, L.L.C. v. Democratic Underground*, No. 2:11-cv-01356 (D. Nev. Apr. 14, 2011). The Honorable Judge Beeler of the U.S. District Court of the Northern District of California stated that "plaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in providing their cases" and "have been abusing the court system in order to facilitate their scheme." *See* Order to Dismiss. Comp. *Patrick Collins, Inc. v. Does 1-1, 129*, Case 4:10-cv-04468-LB Dkt. No. 27 (D. Cal. 2011), Aug. 29, 2011.

Defendant now files the instant Motion respectfully requesting the Court to quash the Subpoena and dismiss John Doe No. 11 from this lawsuit based on the following: (1) Plaintiff has failed to make a *prima facie* showing of copyright infringement; (2) joinder of the thirty (30) Defendants in this matter is improper under of Fed. R. Civ. P. 20; (3) the Subpoena is invalid on its face; and (4) the Subpoena should be quashed to protect Defendant from unreasonable annoyance pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv).

## ARGUMENT AND CITATION OF AUTHORITY

I. **AUTHORITY TO QUASH THE SUBPOENA**

Fed.R.Civ. P. 45(c)(3) provides that a Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden."

II. **STANDING**

**A. Defendant has Standing to Challenge the Subpoena Because Defendant has a Personal Interest in the Subpoenaed Matter**

A party has standing to challenge a subpoena issued to a third party when the third party has a personal or proprietary interest in the information sought by the telephone. *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (Dist. D.C. 2005). It is self-evident that Defendant has a personal interest in the information sought because his name, address, telephone number, and MAC address constitute his personal and identifying information.

III. **PLAINTIFF'S SUBPOENA MUST BE QUASHED**

**A. Plaintiff Has Failed to Make a Prima Facie Showing of Copyright Infringement**

Defendant asserts that Plaintiff has failed to make a *prima* facie showing of copyright infringement. As previously noted, Defendant was neither served nor provided a copy of the complaint in this matter and so has not been apprised of the details of Plaintiff's claim of copyright infringement. However, to prevail on a claim for infringement, one must demonstrate that the defendant copied a protected work. *Kelly v. Ariba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) ("the Plaintiff must show ownership of the copyright and copying by the Defendant"). Applying this standard to the matter presently before the Court, Plaintiff does not appear to

have a registered copyright in the work upon which it bases its claim, the film *Assault on Wall Street*. Plaintiff is incorporated in Canada and a good faith search of "owner/assignee" within the Canadian Intellectual Property Office located at Place du Portage I, 50 Victoria St., Room C-114, Gatineau, Quebec K1A 0C9 under the name "Lynn Peak" resulted in only the following entry:

> Bailout: The Age of Greed
> Registration Number: 1102159    Type: Copyright
> Author: Boll, Uwe              Owner: Lynn Peak Productions Inc.
> Registration Date: 2013-02-14

A diligent search of "Lynn Peak", "Lynn Peak Productions", and "Wall Street", "Assault on Wall Street" and other variations of the aforementioned in both the general and advanced search fields within the copyright records of registrations and ownership documents since 1978 registered with the U.S. Copyright Office, located at 101 Independence Ave. S.E., Washington, D.C. 20559-6000, did not produce any documented indicia of ownership or registration of the subject film by Plaintiff. As such, Defendant asserts that Plaintiff has failed to make a *prima facie* showing of copy infringement in support of its claim.

Plaintiff must also demonstrate that the copying was a result of a volitional act to prove infringement. *Religious Tech Ctr. v. Netcom On-Line Comm'n Servs.*, 907 F. Supp. 1361, 1369-1370 (N.D. Cal. 1995). Plaintiff's only evidence in support of the act of copying by Defendants is their IP addresses. Identifying Defendants by their IP address is unreliable and fails to demonstrate a volitional act of copying because a single IP address can support multiple devices that can be operated simultaneously by different individuals. *U.S. v. Latham*, 2007 WL 4563459

at 4 (D. Nev. Dec. 18, 2007). If a wireless router is unsecured, for example, an outside party can access the source's internet connection and would have the same IP address as anyone in the router. "The only way to prevent sharing of the wireless router is to encrypt the signal and even then an individual can bypass this security using publicly available software." *Id.*

Based on the foregoing, Plaintiff has failed to make a *prima facie* showing of copyright infringement.

### B. Joinder of Defendants is Improper Under Fed. R. Civ. P. 20

Defendant asserts that pursuant to Fed. R. Civ. P. 20, joinder of the Defendants in this matter is improper. Fed. R. Civ. P. 20 requires that in a case such as the one presently before the Court, there exists a right to relief arising out of the same transaction or occurrence or series of transactions or occurrences, as well as a question of law or fact common to all defendants. Plaintiff's assertion of such a claim against the thirty Defendants is improper under Fed. R. Civ. P. 20 because any relief Plaintiff might claim does not arise out of the same transaction, occurrence, or series of transactions or occurrences. As the spreadsheet attached to the Subpoena reflects, the sole commonality Defendants share in this action is the alleged downloading of the same film for which Plaintiff purportedly claims a registered copyright, *Assault on Wall Street*. The IP addresses of the respective Defendants differ, as well as the times of access, which occurred over the course of three (3) months, thereby rendering joinder improper and necessitating individual investigations, allegations, and defenses of the thirty (30) Defendants.

Based on the above and pursuant to Fed. R. Civ. P. 20, joinder of the claims against Defendants is improper.

### C. The Subpoena is Invalid on its Face

Defendant requests the Court to quash the Subpoena on grounds that Plaintiff's sole method of identifying Defendants is unreliable thereby creating a significant risk of misidentification. Plaintiff has relied solely on IP addresses as the means to identify the Defendants and allege claims of copyright infringement against them. As noted above, this method is highly unreliable and there is a significant risk of misidentification. Due to the fact that an IP address can support multiple devices which can be operated simultaneously by different individuals, the method has been found to be unreliable and there is great potential for inaccuracy in the identification. *U.S. v. Latham*, 2007 WL 4563459 at 4 (D. Nev. Dec. 18, 2007). The consequence of this is that innocent persons, such as Defendant No. 11, may unjustly become parties in a lawsuit with potentially significant damages.

### D. Subpoena Must Be Quashed to Protect Defendant from Unreasonable Annoyance Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv).

Defendant requests the Court to quash the Subpoena to further prevent him from suffering unwarranted annoyance and undue burden. Prior to receiving the Notice on November 19, 2013, Plaintiff had not viewed *Assault on Wall Street* or even heard of the film. This lawsuit has required Defendant to request time from work and expend numerous hours researching and responding to the Subpoena. The burden placed on Defendant is exacerbated by the injustice and patent unfairness of being innocent yet drawn into and having to defend himself in a lawsuit based on an unsupported and tenuous claim for infringement.

### CONCLUSION

WHEREFORE, Defendant No. 11 respectfully requests that the Court enter an Order quashing the Subpoena.

## CERTIFICATE OF COMPLIANCE WITH D.C. Colo. L. Civ. R. 7.1

Due to the nature of the claim against Defendant, conferring with opposing counsel would threaten the preservation of Defendant's identity and anonymity. Therefore, Defendant has chosen not to confer with opposing counsel.

Respectfully submitted this 9th day of December 2013.

By: _____
JOHN DOE No. 11 (IP Address: 67.190.9.165)

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2013 this document was filed with the Court and true and accurate copy of the Memorandum of Points and Authorities in Support of Defendant John Doe No. 11's Motion to Quash the Subpoena was sent via U.S. Mail, postage prepaid, to the following:

Scott T. Kannady
Brown & Kannady, LLC
2000 S. Colorado Blvd., Suite 2-610
Denver, CO 80222

_____
JOHN DOE No. 11 (IP Address: 67.190.9.165)